﻿Citation Nr: 18132502
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 16-11 607
DATE: September 6, 2018
REMANDED
Entitlement to service connection for a sleep disorder, to include sleep apnea, to include as secondary to service-connected disability, is remanded.
REASONS FOR REMAND
The Veteran had active service from October 1999 to December 2003.
This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an October 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 
Additional evidence, in the form the Veteran’s vocational rehabilitation folder was associated with the record in February 2018, subsequent to the most recent, December 2015, statement of the case issued for the appeal herein. The Veteran did not waive Agency of Original Jurisdiction (AOJ) review of this evidence. See 38 C.F.R. § 20.1304 (c) (2017). However, if new evidence is submitted with or after a substantive appeal received on or after February 2, 2013, then it is subject to initial review by the Board unless the Veteran explicitly requests AOJ consideration. Here, although the Veteran’s substantive appeal was filed after February 2, 2013, the Board interprets such exception as applying only to evidence submitted by the Veteran, not to evidence developed by VA, which is the case here. Nevertheless, this additional evidence is not relevant to the appeal herein. Thus, a remand for AOJ consideration of this evidence is not warranted.
1. Entitlement to service connection for a sleep disorder, to include sleep apnea, to include as secondary to service-connected disability, is remanded.
As noted by the December 2015 VA examiner, who provided a nexus opinion regarding the Veteran’s sleep apnea on a direct incurrence basis, the Veteran’s service treatment records are not complete. Specifically, the December 2015 VA examiner noted the lack of an enlistment health assessment, a 2003 Iraq post-deployment health assessment, service treatment records from February 2000 to November 2002, and a separation examination report. Thus, upon remand, it is useful to verify that no additional service treatment records can be obtained after reasonable efforts have been made, and to ensure all proper procedures have been followed, to include notifying the Veteran of any inability to obtain the requested documents.
In addition, in a May 2018 brief, the Veteran’s representative raised the theory of entitlement to service connection for sleep apnea as secondary to the Veteran’s service-connected esophageal ulcer and/or posttraumatic stress disorder (PTSD). The Board cannot make a fully-informed decision on the issue entitlement to service connection for a sleep disorder because no VA examiner has opined whether the Veteran’s diagnosed sleep apnea is secondary to service-connected disability. Further, the record does not reflect the Veteran has been sent a Veterans Claims Assistance Act of 2000 (VCAA), notice letter in response to his claim for entitlement to service connection for a sleep disorder, to include as secondary to service-connected disability, to include demonstration that service-connected disability either caused or aggravated the nonservice-connected disability at issue. Accordingly, on remand, the Veteran must be sent a proper notice letter informing him of the information and evidence necessary to substantiate his secondary service connection claim.
The matter is REMANDED for the following actions:
1. Verify whether there exists any outstanding additional service treatment records that are available and can be obtained. After reasonable efforts have been made, if any of such records cannot be obtained, follow all proper procedures, to include notifying the Veteran of any inability to obtain the requested documents.
2. Send a proper VCAA notice letter to the Veteran. The letter should notify the Veteran of the information and evidence necessary to substantiate his claim for service connection for a sleep disorder, to include to include sleep apnea, to include as secondary to service-connected disability.
3. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran has a sleep disorder, to include sleep apnea, that is at least as likely as not (1) proximately due to service-connected PTSD and/or esophageal ulcer, or (2) aggravated beyond its natural progression by service-connected PTSD and/or esophageal ulcer.
 
4. Thereafter, readjudicate the issue on appeal. If the benefit sought is not granted, furnish the Veteran and his representative with a supplemental statement of the case and afford them an opportunity to respond before the record is returned to the Board for further review. 
 
U. R. POWELL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Espinoza, Counsel